No. 945          Southern    ·         Bristol, ss.
WRIGHT              (O'Brien, Bentley & Ponte)
v. ROCKLIN et al        .      (I. S. Levin)
     From the Third District Court of Bristol—Nunes, J.
     Argued July 17, 1941—Opinion filed Oct. 3, 1941

ROWE, J. (Sanborn, P. J., and Briggs, J.) — This is an action of contract in which the plaintiff seeks to recover commission for a lease of real estate. The trial judge found for the plaintiff. The defendants claim to be aggrieved by reason of the allowance of certain requests for rulings of law presented by the plaintiff.

· Among the requests for rulings of law filed by the plaintiff and which were allowed by the court are the following: "(4) The defendant Rocklin has the authority of the defendant corporation to make contracts concerning the demise of the property in question. (6) It was within the contemplation of the de-

fendant as well as the proposed lessee that many alterations and changes would be necessary to make the space to be leased suitable for the tenant's needs. It was likewise within the contemplation of the parties that the proposed lessee could move his business only between seasons either in June or at the end of December. The lapse of time either resulting from the necessary changes or from the lessee's inability to move except as stated did not change the contract existing between the plaintiff and the defendants. (7) The plaintiff was the moving cause in bringing together the defendants and the lessee named, The Strand Leather Goods Co. (9) The Strand Leather was always interested in obtaining the space in question it being necessary, however, to make substantial alterations and repairs."

The issues presented by these requests, on the evidence, were questions of fact and not questions of law. There was prejudicial error in granting them. The judge filed certain special findings of fact, but their contents do not cure the error, nor do they show that findings were not based upon rulings which had been made. The trouble with the case is that the trial judge did not observe that clear line of cleavage which exists between questions of law and those of fact.

In view of the conclusion to which we have come it is unnecessary to discuss the other contentions made by the defendants.

There was prejudicial error in the allowance of plaintiff's requests No. 4, 6, 7, and 9. The defendants are entitled to a new trial.

So ordered.

No. 136974         Municipal              Suffolk, ss.
BROMBERG                          (George Cohen)
v. IRISH                      (W. Wallace, J. Esdaile)
From the Municipal Court of Boston—Donovan, J.
Argued Jan. 6, 1941—Opinion filed Dec. 30, 1941

BARRON, J. (Putnam, C. J., and Keniston, J.)—This is an action of contract in which the plaintiff seeks to recover compensation for services rendered in connection with the sale of the defendant's restaurant business under the terms of a written contract.

At the trial there was evidence tending to show that on July 29, 1940, upon which day the defendant owned a certain restaurant business, the plaintiff signed and delivered to the defendant, and the defendant in writing accepted, a certain written instrument, pertinent parts of which are as follows:

"It is understood that I shall have the exclusive right to

[ 47 ]